## VERNON STANCUNA *v.* ANDREW I. SCHAFFER
## (AC 30798)

Flynn, C. J., and Beach and West, Js.*

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued March 15—officially released July 13, 2010

*John R. Williams*, for the appellant (plaintiff).

*Brock T. Dubin*, for the appellee (defendant).

### Opinion

BEACH, J. The plaintiff, Vernon Stancuna, appeals from the judgment of the trial court rendered in favor of the defendant, Andrew I. Schaffer. On appeal, the plaintiff claims that the court improperly struck his third revised complaint in its entirety. We affirm the judgment of the trial court.

In his operative complaint, filed on May 19, 2008, the plaintiff alleged the following facts, which are relevant to our discussion of the issue on appeal. The plaintiff in this case was also the plaintiff in another lawsuit, *Stancuna* v. *Stancuna*, Superior Court, judicial district of New Haven, Docket No. FA-05-4010965. The defendant, an attorney, was appointed the guardian ad litem of the minor children in *Stancuna* v. *Stancuna*, supra, Superior Court, Docket No. FA-05-4010965. The court

in that case, *Frazzini, J.*, heard matters in that action on many occasions and was closely familiar with the case. On October 17, 2007, approximately two years after his service as guardian ad litem had ended, the defendant approached Judge Frazzini in his chambers and intentionally made statements to him regarding the plaintiff, which statements he knew or should have known would cause Judge Frazzini to recuse himself from sitting on the case and would thus cause a mistrial. The plaintiff was not aware of the exact contents of the conversation but was aware that the conversation took place because Judge Frazzini reported the existence of the conversation in open court and stated that, as a result of the defendant's statements, he believed that he must recuse himself from the case. Judge Frazzini recused himself from the case on the same day. As a result of the recusal, the plaintiff was forced to relitigate the matter before a different judge. The plaintiff alleges that this additional litigation caused him economic losses and severe emotional distress. He further alleges that his injuries were the reasonably foreseeable consequence of the defendant's actions and that the defendant's conduct was extreme and outrageous. The plaintiff's third revised complaint consisted of three counts: (1) tortious interference with his litigation relationship to the defendant in *Stancuna* v. *Stancuna*, supra, Superior Court, Docket No. FA-05-4010965, and with his professional relationship with his attorneys in that action, (2) negligent infliction of emotional distress and (3) intentional infliction of emotional distress.

On September 19, 2008, the defendant filed a motion to strike the third revised complaint in its entirety, alleging that (1) the plaintiff's complaint did not allege that the defendant had interfered with a business relationship between the plaintiff and a third party, (2) the plaintiff failed to identify any tortious conduct, (3) the conduct alleged was not extreme and outrageous and

(4) the plaintiff failed to identify any duty that the defendant had breached. Following a hearing on the defendant's motion, the court granted the motion to strike on December 15, 2008. The defendant subsequently filed a motion for judgment, which the court granted on February 2, 2009. This appeal followed. Additional facts will be set forth as necessary.

We begin by setting forth the standard of review. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling on the [defendant's motion] is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citations omitted; internal quotation marks omitted.) *Commissioner of Labor* v. *C.J.M. Services, Inc.*, 268 Conn. 283, 292–93, 842 A.2d 1124 (2004). We will address each of the stricken counts in turn.

I

The plaintiff first claims that the court improperly struck count one of his complaint. In that count, the plaintiff alleged that the defendant had tortiously interfered with his professional relationship with his attorneys in the underlying action.[1] The court found that

[1] Count one of the plaintiff's complaint also alleged that the defendant tortiously interfered with the plaintiff's "litigation relationship" with the

because the plaintiff's complaint did not allege facts that showed that the defendant's conduct was tortious, this claim must be stricken. We disagree with the plaintiff's claim.

"[Our Supreme Court] has long recognized a cause of action for tortious interference with contract rights. . . . The essential elements of such a claim include, of course, the existence of a contractual or beneficial relationship and that the defendant(s), knowing of that relationship, intentionally sought to interfere with it; and, as a result, the plaintiff claimed to have suffered actual loss. . . . [F]or a plaintiff successfully to prosecute such an action it must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously." (Internal quotation marks omitted.) *Rossman* v. *Morasco*, 115 Conn. App. 234, 244, 974 A.2d 1, cert. denied, 293 Conn. 923, 980 A.2d 912 (2009). "The burden is on the plaintiff to plead and prove at least some improper motive or improper means . . . on the part of the [defendant]." (Citation omitted; internal quotation marks omitted.) *Solomon* v. *Aberman*, 196 Conn. 359, 365, 493 A.2d 193 (1985). "The plaintiff in a tortious interference claim must demonstrate malice on the part of the defendant, not in the sense of ill will, but intentional interference without justification." (Internal quotation marks omitted.) *Daley* v. *Aetna Life & Casualty Co.*, 249 Conn. 766, 806, 734 A.2d 112 (1999).

The court found that the plaintiff did not plead a cause of action for tortious interference properly. It found that although the plaintiff's relationship with his

defendant in *Stancuna* v. *Stancuna*, supra, Superior Court, Docket No. FA-05-4010965. The plaintiff is not challenging the trial court's conclusion that such a relationship does not provide a basis for a tortious interference claim.

attorneys presumably was a contractual relationship, the plaintiff failed to plead that the defendant's actions were wrongful beyond the interference itself. See *Kakadelis* v. *DeFabritis*, 191 Conn. 276, 280, 464 A.2d 57 (1983) ("[a] claim is made out [only] when interference resulting in injury to another is wrongful by some measure beyond the fact of the interference itself" [internal quotation marks omitted]). The plaintiff contends that his allegation that the defendant "approached Judge Frazzini alone in his chambers . . . and intentionally made statements to Judge Frazzini concerning the plaintiff which he knew or should have known would cause a mistrial of the plaintiff's litigation and disqualify Judge Frazzini from sitting on the matter" sufficiently alleged a malicious intention on behalf of the defendant. We are not persuaded.

To survive a motion to strike, the plaintiff's complaint must allege all of the requisite elements of a cause of action. The plaintiff's complaint fails to allege facts supporting one of the necessary elements for a claim of tortious interference. His allegation that the defendant knew or should have known that his conversation with Judge Frazzini would have resulted in Judge Frazzini's recusal is not sufficient to allege that the defendant acted maliciously. There are many instances in which the defendant could have intended the consequences of his action without having acted maliciously. Because the plaintiff did not allege facts indicating that the defendant acted without justification, the complaint is flawed. Accordingly, we conclude that the court did not improperly grant the defendant's motion to strike as to count one of the plaintiff's complaint.

II

The plaintiff next claims that the court improperly struck count two of his complaint. Specifically, he argues that the court erred in holding that he did not

properly plead a claim of negligent infliction of emotional distress. We disagree.

"To prevail on a claim of negligent infliction of emotional distress, the plaintiff must plead and prove the following: (1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress. . . . Thus, [t]he plaintiff must prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Citation omitted; internal quotation marks omitted.) *Davis* v. *Davis*, 112 Conn. App. 56, 68, 962 A.2d 140 (2009).

"The foreseeability requirement in a negligent infliction of emotional distress claim is more specific than the standard negligence requirement that an actor should have foreseen that his tortious conduct was likely to cause harm. . . . In order to state a claim for negligent infliction of emotional distress, the plaintiff must plead that the actor should have foreseen that her behavior would likely cause harm of a specific nature, i.e., emotional distress likely to lead to illness or bodily harm." (Citation omitted.) *Olson* v. *Bristol-Burlington Health District*, 87 Conn. App. 1, 5, 863 A.2d 748, cert. granted on other grounds, 273 Conn. 914, 870 A.2d 1083 (2005) (appeal withdrawn May 25, 2005).

The plaintiff has failed to allege any conduct that would lead the defendant to foresee that his actions would cause the plaintiff emotional distress likely to lead to illness or bodily harm. The plaintiff bases his emotional distress claim on the allegation that the

defendant knew that his actions would lead Judge Frazzini to recuse himself, and that he knew or should have known that such a recusal would cause the plaintiff severe emotional distress for having to relitigate his case. We previously have held that engaging in litigation is inherently distressing and that continuous or repeated involvement in litigation does not create an unreasonable risk of causing the plaintiff emotional distress. See *Wilson* v. *Jefferson*, 98 Conn. App. 147, 163, 908 A.2d 13 (2006) (landlord's repeated filing of summary process actions does not create unreasonable risk of causing tenant emotional distress). Accordingly, we conclude that the court did not improperly grant the defendant's motion to strike as to count two of the plaintiff's complaint.

### III

The plaintiff finally claims that the court improperly granted the defendant's motion to strike as to count three of his complaint. Count three of the plaintiff's complaint sounded in intentional infliction of emotional distress. The plaintiff argues that the court erred in holding that the conduct alleged in this case was not extreme and outrageous.[2] We disagree.

"In order to prevail on a claim of intentional infliction of emotional distress, the plaintiff must prove: (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff

---

[2] Because we conclude that the plaintiff's complaint did not allege any conduct that was extreme and outrageous, we need not address his fourth claim, which is that the court erred in holding that a complaint for intentional infliction of emotional distress cannot survive unless it specifically describes the symptoms allegedly constituting emotional distress.

was severe." (Internal quotation marks omitted.) *Petitte* v. *DSL.net, Inc.*, 102 Conn. App. 363, 375, 925 A.2d 457 (2007). "Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind. . . . [I]t is the intent to cause injury that is the gravamen of the tort . . . ." (Citation omitted; internal quotation marks omitted.) *Wilson* v. *Jefferson,* supra, 98 Conn. App. 160. "[I]n assessing a claim for intentional infliction of emotional distress, the court performs a gatekeeping function. In this capacity, the role of the court is to determine whether the allegations of a complaint . . . set forth behaviors that a reasonable fact finder could find to be extreme or outrageous." (Internal quotation marks omitted.) *Gagnon* v. *Housatonic Valley Tourism District Commission,* 92 Conn. App. 835, 847, 888 A.2d 104 (2006).

The court found that the conduct alleged in this case, which was that a lawyer had had an ex parte conversation with a judge that led the judge to recuse himself, was not outrageous and did not transgress the bounds of socially tolerable behavior. The court also stated that there were times when a lawyer ethically would be required to have such a conversation with a judge in a particular case, and to hold as the plaintiff desires could " 'have a chilling and inhibiting effect' " on lawyers meeting their ethical obligations.

"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous! . . .

Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress." (Internal quotation marks omitted.) *Little* v. *Yale University*, 92 Conn. App. 232, 239–40, 884 A.2d 427 (2005), cert. denied, 276 Conn. 936, 891 A.2d 1 (2006). On the basis of this standard, we agree with the court that the allegations of the plaintiff's third count do not reach the articulated standard of extreme and outrageous behavior.

The judgment is affirmed.

In this opinion the other judges concurred.