10-1347-cv
Jaeger v. Cellco Partnership et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of December, two thousand and ten.

Present:     AMALYA L. KEARSE,
             JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
                   *Circuit Judges*.

_____

DINA JAEGER,

                              *Plaintiff-Appellant*,

            -v.-                                          10-1347-cv

CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS,
CONNECTICUT SITING COUNCIL,

                              *Defendants-Appellees*.

_____

For Appellant:      Whitney North Seymour, Jr., New York, NY; Gabriel North Seymour,
                    Falls Village, CT, *for* Dina Jaeger.

For Appellee:       Joshua S. Turner, Andrew G. McBride, Brendan J. Morrissey, Wiley Rein
                    LLP, Washington, DC; Bradford S. Babbitt, Robinson & Cole LLP,
                    Hartford, CT, *for* Cellco Partnership.

                    Robert L. Marconi, Assistant Attorney General of Connecticut, New
                    Britain, CT, *for* Connecticut Siting Council.

Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

**ON CONSIDERATION WHEREOF**, **IT IS HEREBY ORDERED**, **ADJUDGED**, **AND DECREED** that the judgment of said district court be and hereby is **AFFIRMED**.

Dina Jaeger appeals from the district court's judgment granting Defendants' motions to dismiss all six claims in Jaeger's complaint. Jaeger's complaint alleged, *inter alia*, violations of the International Migratory Bird Treaty, the Migratory Bird Treaty Act, the Bald and Golden Eagle Protection Act, and the Telecommunications Act ("TCA"), resulting from the grant by the Connecticut Siting Council ("Council") of a Certificate of Environmental Compatibility and Public Need for the Construction, Maintenance and Operation of a personal wireless service facility to Cellco Partnership ("Cellco"). Jaeger principally requested injunctive and declaratory relief. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented on appeal.

We review a district court's grant of a motion to dismiss *de novo*, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).

Having conducted a *de novo* review of the record in light of the controlling substantive principles, we affirm the district court's dismissal of the first five claims in Jaeger's complaint for substantially the same reasons stated by the district court.

With respect to the sixth claim in Jaeger's complaint, we hold that Jaeger lacks standing to sue for a declaratory judgment that the funding scheme of the Council, as set forth in Section 16-50v of the General Statutes of Connecticut, violates due process. Jaeger fails to allege any redressable injury that is "fairly traceable" to conduct by either defendant. *Allen v. Wright*, 468 U.S. 737, 751 (1984). Courts are barred by the TCA from ordering the Council to deny Cellco's siting application on the grounds asserted by Jaeger.

We have considered Jaeger's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**. Jaeger's renewed motion to strike irrelevant matter is **DENIED** in its entirety.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2