13-1751-cv
Dina Jaeger v. Cellco Partnership

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand thirteen.

Present:
> JON O. NEWMAN,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

_____

DINA JAEGER,

> *Plaintiff-Appellant*,

> v.                                                                13-1751-cv

CELLO PARTNERSHIP, DBA VERIZON WIRELESS, DANIEL F. CARUSO, CHAIRMAN, member of the Connecticut Siting Council in his individual and official capacity, COLIN C. TAIT, member of the Connecticut Siting Council in his individual and official capacity, GERALD J. HEFFERNAN, member of the Connecticut Siting Council in his individual and official capacity, PHILIP T. ASHTON, member of the Connecticut Siting Council in his individual and official capacity, DANIEL P. LYNCH, JR., member of the Connecticut Siting Council in his individual and official capacity, BARBARA CURRIER BELL, member of the Connecticut Siting Council in her individual and official capacity, EDWARD S. WILENSKY, member of the Connecticut Siting Council in his individual and official capacity, BRIAN GOLEMBIEWSKI, member of the Connecticut Siting Council in his individual and official capacity,

> *Defendants-Appellees*.

_____

1

FOR APPELLANT:         WHITNEY NORTH SEYMOUR, JR, Law Office of Whitney North
                       Seymour, Jr, New York, NY.
                       GABRIEL NORTH SEYMOUR, Gabriel North Seymour P.C., Falls
                       Village, CT.

FOR APPELLEE:          BRADFORD S. BABBITT (KENNETH C. BALDWIN on the Brief),
                       Robinson & Cole, Hartford, CT. *Attorneys for Defendant-Appellee
                       Cello Partnership DBA Verizon Wireless.*
                       SETH A. HOLLANDER (CLARE KINDALL and ROBERT LOUIS
                       MARCONI on the Brief),  Assistant Attorney General for GEORGE
                       JEPSEN, Attorney General of the State of Connecticut,, New
                       Britain, CT. *Attorneys for Defendants-Appellees Daniel F. Caruso,
                       Chairman, member of the Connecticut Siting Council in his
                       individual and official capacity, Colin C. Tait, member of the
                       Connecticut Siting Council in his individual capacity, Gerald J.
                       Heffernan, member of the Connecticut Siting Council in his
                       individual and official capacity, Philip T. Ashton, member of the
                       Connecticut Siting Council in his individual and official capacity,
                       Daniel P. Lynch, Jr., member of the Connecticut Siting Council in
                       his individual and official capacity, Barbara Currier Bell, member
                       of the Connecticut Siting Council in her individual and official
                       capacity, Edward S. Wilensky, member of the Connecticut Siting
                       Council in his individual and official capacity, Brian
                       Golembiewski, member of the Connecticut Siting Council in his
                       individual and official capacity*

Appeal from a judgment of the United States District Court for the District of

Connecticut (Underhill, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment of the district court is **AFFIRMED**.

Appellant Dina Jaeger appeals from the April 26, 2013 Amended Judgment of the United

States District Court for the District of Connecticut granting Defendants' motions to dismiss all

eight claims in her complaint.  Jaeger's complaint alleged, *inter alia*, deprivation of her

constitutional rights to: petition for redress of grievances; religious freedom; just compensation

for the taking of her property for public use; protection of her property and liberty interests; and

2

procedural and substantive due process. Additionally, Jaeger asserted a claim for negligent infliction of emotional distress under Connecticut state law. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* the district court's determinations of law with respect to the issues raised on appeal. *Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141 (2d Cir. 2005) (*res judicata*); *Purdy v. Zeldes*, 337 F.3d 253, 258 (2d Cir. 2003) (collateral estoppel); *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005) (*Rooker-Feldman* doctrine); *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (standing). In reviewing the district court's grant of a motion to dismiss, we accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). To survive a motion to dismiss, the complaint must at a minimum "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). With respect to a motion to dismiss for lack of standing, the "party who seeks the exercise of jurisdiction in [her] favor" bears the burden of establishing the court's jurisdiction. *Thompson*, 15 F.3d at 249 (internal quotation marks omitted).

Having conducted a *de novo* review of the record in light of the controlling substantive principles, we affirm the district court's dismissal of all eight claims in Jaeger's complaint for substantially the same reasons stated by the district court. Counts one, two, four, six, and eight asserting claims against the members of the Connecticut Siting Council ("CSC") in their official capacities, and counts two, four, six, and eight asserting claims against Cellco were either brought, or should have been brought, in Jaeger's first federal litigation. That lawsuit, which was

ultimately dismissed, alleging, *inter alia*, that in rendering its decision, the Siting Council should have considered the putative effect of radio frequency on human health and on wildlife.  These claims in this litigation are therefore barred by the doctrines of *res judicata* and collateral estoppel.  *Malcolm v. Board of Ed. of the Honeoye Falls-Lima Cent. Sch. Dist.*, 506 Fed. App'x 65, 67 (2d Cir. 2012) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"); *Environmental Def. v. EPA*, 369 F.3d 193, 202 (2d Cir. 2004) ("The judicially-created doctrine of collateral estoppel, or issue preclusion, bars a party from relitigating in a subsequent proceeding an issue of fact or law that was clearly raised in a prior action where the party to be precluded, [. . .] had a full and fair opportunity to litigate the issue.").[1] To the extent that claims one, two, four, and six were brought against the members of the CSC in their individual capacities, the district court properly rejected these claims on the ground of collateral estoppel.

Jaeger's remaining claims were properly dismissed as well.  Jaeger's takings claim is not ripe because Connecticut's Constitution contains its own takings clause, and Jaeger does not allege, as she must, that she attempted to use procedures available to her under state law to obtain her requested compensation and was unsuccessful in that effort.  *See Island Park, LLC v. CSX Transp.*, 559 F.3d 96, 109 (2d Cir. 2009) (internal quotation marks omitted) ("[a] takings

---

[1] In count eight, which was also brought against members of the CSC in their individual capacities, Jaeger has advanced a claim for negligent infliction of emotional distress based on Appellee Cellco's "lead in blocking Jaeger's administrative appeal in the Superior Court."  This claim is also barred by the applicable two year statute of limitations.  Conn. Gen. Stat. Ann. § 52-584.  Although Jaeger argues this claim is the result of a continuing course of conduct and therefore the statute of limitations is tolled, tolling pursuant to that doctrine for claims of negligent infliction of emotional distress requires "evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto."  *Watts v. Chittenden*, 301 Conn. 575, 584 (2011); Conn. Gen. Stat. Ann. § 52-584.  Jaeger has failed to allege continuing wrongful conduct.  Although engaging in litigation is inherently distressing, we note Connecticut courts have held that "continuous or repeated involvement in litigation does not create an unreasonable risk of causing [. . .] emotional distress."  *See Stancuna v. Schaffer*, 122 Conn. App. 484, 491 (2010).

claim is not ripe if a remedy potentially is available under the state constitution's provision"). Jaeger's seventh claim is barred by *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Jaeger lost her case in Connecticut state court when her appeal of the CSC decision was rejected for lack of standing because she was unable to persuade the court she was aggrieved as required under the Connecticut Uniform Administrative Procedure Act. Conn. Gen. Stat. Ann. § 4-166 *et seq*. This present action was filed six months after the last of her state-court appeals was decided adversely to her, and it alleges injuries that Jaeger suffered as a result of the state court's judgment. By challenging the dismissal of her Connecticut state-court appeal as a violation of her due process and equal protection rights, Jaeger "seek[s] federal-court review and rejection of the state-court judgment." *Hoblock*, 422 F.3d at 85. Accordingly, this claim is barred by the *Rooker-Feldman* doctrine. *See id*. at 87.

With respect to Jaeger's remaining claim, we affirm that portion of the judgment which dismissed it based on lack of standing. As we held when this case was last before this court, "Jaeger lacks standing to sue for a declaratory judgment that the funding scheme of the Council [. . .] violates due process" because she fails to "allege any redressable injury that is 'fairly traceable' to conduct by either defendant." *Jaeger v. Cellco P'ship*, 402 F. App'x 645 (2d Cir. 2010) (*citing Allen v. Wright*, 468 U.S. 737, 751 (1984)).

We have considered Jaeger's remaining arguments on appeal and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk