NEIGHBORHOOD BUILDERS, INC., ET AL. *v.* TOWN OF MADISON
(AC 34191)

DiPentima, C. J., and Beach and Borden, Js.

Argued February 20—officially released April 30, 2013

*William Andrew Lichtenfels*, with whom, on the brief, were *Ann Grunbeck Monaghan* and *Matthew M. Hausman*, for the appellants (named plaintiff et al.).

*Robert M. Langer*, with whom, on the brief, were *Thomas R. Gerarde* and *Emily E. Cosentino*, for the appellee (defendant).

*Opinion*

BORDEN, J. The sole question of this appeal is whether the defendant, the town of Madison, may be

sued under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., for allegedly overcharging for building permit fees. We answer the question in the negative and, accordingly, affirm the trial court's summary judgment in favor of the defendant.

The plaintiffs, Neighborhood Builders, Inc., Peter Smith Building Co., LLC, The Dowler Group, LLC, MJM Builders, Inc., and Richard Gentile Building Co., LLC,[1] brought this action in 2004 against the defendant alleging, inter alia, that the defendant was in violation of CUTPA by virtue of its system of charging for and using the revenues from building permit fees.[2] More specifically, the gist of the plaintiffs' allegations, insofar as they involve CUTPA, is that the revenues derived by the defendant from the building permit fees significantly exceed the cost to the town of regulating building activity, and that the town unlawfully uses the fees to fund

---

[1] Paul Coady Construction, LLC, was a plaintiff but subsequently withdrew from the action and is not involved in this appeal. The Dowler Group, LLC, and Richard Gentile Building Co., LLC, are also not parties to this appeal. Therefore, we refer in this opinion to Neighborhood Builders, Inc., Peter Smith Building Co., LLC, and MJM Builders, Inc., as the plaintiffs.

[2] The initial complaint was pleaded in five counts, the last of which involved the CUTPA claim. Thereafter, the plaintiffs moved for class certification, which the trial court granted on October 12, 2007, certifying a class consisting of "entities that directly paid to the defendant the allegedly excessive building permit fees during the period of April 1, 2003, to the present." The defendant appealed to this court from the grant of class certification, and the Supreme Court transferred the appeal to itself. Thereafter, while that appeal was pending, the defendant moved to dismiss all the counts of the complaint. The trial court granted that motion as to the first four counts, but denied it as to the CUTPA count. See *Neighborhood Builders, Inc.* v. *Madison*, 294 Conn. 651, 656, 986 A.2d 278 (2010). Thereafter, our Supreme Court affirmed the judgment granting class certification, but did not address the ruling on the CUTPA count because of the lack of a final judgment. See id., 660–61. The case then returned to the trial court for consideration of the CUTPA count. The plaintiffs have not sought to revive the court's dismissal of the first four counts of their complaint. Thus, the only count before us is the CUTPA count.

social programs and other activities that bear no rela-
tion to the regulation of building activity. Subsequently,
the defendant and the plaintiffs filed motions for sum-
mary judgment. The trial court granted the defendant's
motion for summary judgment on the ground that,
under General Statutes § 42-110c (a) (1),[3] CUTPA does
not apply to the defendant in its activity of charging
building permit fees, and denied the plaintiffs' motion
for summary judgment. This appeal by the plaintiffs
followed.

The plaintiffs claim that the court improperly deter-
mined that CUTPA does not apply to the defendant in
the present case. We disagree.

At the outset, we note our standard of review. "Prac-
tice Book § 17-49 provides that summary judgment shall
be rendered forthwith if the pleadings, affidavits and
any other proof submitted show that there is no genuine
issue as to any material fact and that the moving party
is entitled to judgment as a matter of law. In deciding
a motion for summary judgment, the trial court must
view the evidence in the light most favorable to the
nonmoving party. . . . The party moving for summary
judgment has the burden of showing the absence of
any genuine issue of material fact and that the party
is, therefore, entitled to judgment as a matter of law.
. . . Our review of the trial court's decision to grant
[the defendant's] motion for summary judgment is ple-
nary. . . . Issues of statutory construction . . . are
also matters of law subject to our plenary review."
(Internal quotation marks omitted.) *Plato Associates,*

---

[3] General Statutes § 42-110c states in relevant part: "(a) Nothing in this
chapter shall apply to: (1) Transactions or actions otherwise permitted under
law as administered by any regulatory board or officer acting under statutory
authority of the state or of the United States . . . . (b) The burden of
proving exemption, as provided in this section, from the provisions of this
chapter shall be upon the person claiming the exemption."

*LLC* v. *Environmental Compliance Services, Inc.*, 298 Conn. 852, 862, 9 A.3d 698 (2010).

Chapter 735a of the General Statutes, which is titled "Unfair Trade Practices," consists of CUTPA. Section 42-110c provides in relevant part: "(a) Nothing in this chapter shall apply to: (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state . . . ."[4] This provision has been construed by our Supreme Court in two cases that control the present case.

In *Danbury* v. *Dana Investment* Corp., 249 Conn. 1, 18, 730 A.2d 1128 (1999), our Supreme Court held that the governmental exemption from CUTPA provided by § 42-110c (a) (1) applied to the allegations that the city of Danbury had violated CUTPA by overassessing real properties and bringing 111 tax foreclosure actions, rather than one action, "thus engendering needless costs and fees." The court held that the exemption applied because the process of real estate assessment by a municipality is authorized and regulated by statute, and because there is no case in which CUTPA had been applied to a municipality acting in its statutory function of collecting unpaid taxes by foreclosing on previously unchallenged tax liens. Id., 20.

Similarly, in *Connelly* v. *Housing Authority*, 213 Conn. 354, 357–58, 365, 567 A.2d 1212 (1990), the court held that the same governmental exemption applied to the allegations that the New Haven Housing Authority had violated CUTPA by failing to provide adequate heat and hot water to its tenants. This was because the transactions at issue, namely, the renting of subsidized apartments to low income tenants, were authorized and regulated by both the state department of housing and

---

[4] See footnote 3 of this opinion.

the federal Department of Housing and Urban Development; id., 361; and because, referring to the Federal Trade Commission Act (FTCA) as the "lodestar for determining the scope of CUTPA"; id., 363; there was no instance in which the FTCA had been applied to "any act or practice of a local public agency . . . ." Id., 364.

We can discern nothing that would distinguish the reasoning of these two cases from the present case. As the defendant points out, the entire system of issuing building permits and collecting fees followed by the defendant is authorized and regulated by state statute and regulation. The defendant's building official is appointed pursuant to General Statutes § 29-260.[5] As such, the building official is authorized to enforce the state building code, which applies to all municipalities. See Regs., Conn. State Agencies § 29-252-1d. Furthermore, the building official is authorized to issue building permits to applicants who meet the requirements of the building code—in addition to the requirements of other applicable local regulations, such as zoning, inland wetlands, fire, floodplain management and health—and who pay the applicable fees. See Regs., Conn. State Agencies § 29-252-1d. In addition, the state building code specifically authorizes each municipality to establish a schedule of fees for building permits. See State Building Code § 108.2 (2005 Sup.); Regs., Conn. State

---

[5] General Statutes § 29-260 (a) provides: "The chief executive officer of any town, city or borough, unless other means are already provided, shall appoint an officer to administer the code for a term of four years and until his successor qualifies and quadrennially thereafter shall so appoint a successor. Such officer shall be known as the building official. Two or more communities may combine in the appointment of a building official for the purpose of enforcing the provisions of the code in the same manner. The chief executive officer of any town, city or borough, upon the death, disability, dismissal, retirement or revocation of licensure of the building official, may appoint a licensed building official as the acting building official for a single period not to exceed one hundred eighty days."

Agencies § 29-252-1d.[6] The set of fees established by the defendant pursuant to this statutory authorization is precisely what the plaintiffs challenge in the present case. Finally, as in both *Danbury* and *Connelly*, the plaintiffs have not pointed to any case in which the lodestar FTCA has been applied to the act or practice of a local public agency.

We fully have considered all of the arguments of the plaintiffs—namely, that the defendant does not have an express exemption from CUTPA for "overcharging for building permit fees," that the trial court improperly enlarged § 42-110c "to encompass the actions of the [defendant] and shield [it] from CUTPA application," and that the "sole avenue of recovery for damages in this matter has been foreclosed by the trial court's decision"—and find them unavailing. In addition, the principal case on which the plaintiffs rely for application of CUTPA to the defendant's actions in setting building permit fees, namely, *Considine* v. *Waterbury*, 279 Conn. 830, 905 A.2d 70 (2006), is readily distinguishable. That case involved the applicability of governmental immunity pursuant to General Statutes § 52-557n (a) (1) (B) to the operation of a municipal golf course.[7] Id., 833–34, 844–45. It in no way informs the question of the inapplicability of CUTPA to the setting and collecting of local building permit fees.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[6] Section 108.2 of the State Building Code provides: "Each municipality shall establish a schedule of fees for each construction document review, building permit, certificate of approval and certificate of occupancy. A schedule of adopted fees shall be posted for public view."

[7] General Statutes § 52-557n (a) (1) provides in relevant part that "[e]xcept as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: . . . (B) negligence in the performance of functions from which the political subdivision derives a special corporate profit or pecuniary benefit . . . ."