******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# LAURENCE V. PARNOFF *v.* TOWN OF STRATFORD ET AL.
## (AC 44491)

Moll, Clark and DiPentima, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant town, its mayor, H, its former tax assessor, F, and its counsel, B Co., for violations of the Freedom of Information Act (§ 1-200 et seq.) and for negligent infliction of emotional distress and violations of the Connecticut Unfair Trade Practices Act (CUTPA) (§ 42-110a et seq.) stemming from the defendants' alleged failure to comply with the Freedom of Information Act. The plaintiff sent a letter to F requesting the complete assessor's file for his property located in the town. Two days later, B Co. replied to the request on the town's behalf, indicating that it would review the request to determine whether any exemptions to production applied and noting that the town was committed to providing prompt access to all records subject to disclosure. The plaintiff replied, seeking clarification as to which part of his request might be subject to exemption. Prior to receiving a response, he initiated this action. Approximately four months after receiving the initial request, B Co. provided the plaintiff with the requested records. Instead of withdrawing the action, the plaintiff then filed an amended complaint. The trial court granted the defendants' motions to dismiss the plaintiff's claims of Freedom of Information Act violations because he failed to exhaust his administrative remedies. The plaintiff then filed a second amended complaint, setting forth the same claims as the first amended complaint. The trial court again granted the defendants' motions to dismiss the Freedom of Information Act claims for failure to exhaust administrative remedies. Thereafter, the trial court granted the defendants' motions to strike the plaintiff's CUTPA and negligent infliction of emotional distress claims, concluding that F's and H's activities were exempt from CUTPA pursuant to the applicable statute (§ 42-110c (a) (1)) and that the defendants were not engaged in trade or commerce under CUTPA. The plaintiff then filed a substituted complaint, alleging that F, H and B Co. were liable for negligent infliction of emotional distress and had violated CUTPA. The substituted complaint did not include any claims against the town. The trial court granted the defendants' motions to strike with prejudice as to all CUTPA claims. Thereafter, the plaintiff filed a second substituted complaint asserting negligent infliction of emotional distress claims against all of the defendants, including the town. The trial court granted the defendants' motions to strike, determining that the plaintiff's claims failed because the defendants could not have reasonably foreseen that their behavior would cause emotional distress, and it rendered judgment for the defendants. On the plaintiff's appeal to this court, *held*:

1. The plaintiff's allegations of CUTPA violations against the defendants in the first substituted complaint were insufficient:

   a. The trial court properly struck the CUTPA claims against F and H because the alleged conduct that served as the basis of those claims clearly fell within the scope of the exemption set forth in § 42-110c (a) (1): F's and H's conduct was authorized and regulated by state statute and regulations, as they were acting as representatives of the town at all times, F's role as tax assessor and H's role as mayor were governed by statute, and, in responding to the plaintiff's public records request, F and H were acting pursuant to the Freedom of Information Act; moreover, F's and H's decision to involve B Co. in their response to the plaintiff's request did not convert their authorized and regulated activity into activity outside the scope of the CUTPA exemption; furthermore, F and H were not engaged in trade or commerce within the meaning of § 42-110a (4) because the town's obligation to fulfill the records request served a purely governmental function and did not constitute trade or commerce.

   b. The trial court properly struck the CUTPA claims against B Co. because those claims did not involve the commercial or entrepreneurial aspect

of the practice of law under *Haynes* v. *Yale-New Haven Hospital* (243 Conn. 17) and, instead, were directed at the manner in which B Co. provided legal representation to the town.

2. The plaintiff failed to allege facts in his second substituted complaint that, if true, would have created a reasonably foreseeable risk of severe emotional distress and, therefore, the trial court properly struck the plaintiff's claims for negligent infliction of emotional distress: it was not reasonably foreseeable that the plaintiff would suffer severe emotional distress as a result of B Co. allegedly providing an insufficient response to the plaintiff's records request or as a result of F and H allegedly wrongfully incurring legal expenses at the expense of the town's taxpayers; moreover, this court has previously held that claims of negligent infliction of emotional distress based on allegations of misconduct during the course of litigation were insufficient because that misconduct did not create a reasonably foreseeable risk that a plaintiff would suffer severe emotional distress, and the trial court extended that reasoning to the defendants' allegedly unsatisfactory response to the plaintiff's public records request.

3. The plaintiff's claim that the trial court violated his right to due process by granting the motions to strike with prejudice instead of requiring the defendants to move for summary judgment was inadequately briefed and deemed to be abandoned, as the plaintiff failed to cite to any authority in support of his claim or to provide any meaningful analysis.

Argued September 7—officially released November 15, 2022

*Procedural History*

Action to recover damages for, inter alia, violations of the Freedom of Information Act, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Hon. Dale W. Radcliffe*, judge trial referee, granted the defendants' motions to dismiss; thereafter, the court granted the defendants' motions to strike; subsequently, the plaintiff filed a substituted complaint; thereafter, the court granted the defendants' motions to strike; subsequently, the plaintiff filed a second substituted complaint; thereafter, the court, *Hon. Dale W. Radcliffe*, judge trial referee, granted the defendants' motions to strike with prejudice and rendered judgment for the defendants, from which the plaintiff appealed to this court. *Affirmed.*

*Laurence V. Parnoff*, self-represented, filed a brief as the appellant (plaintiff).

*Ryan P. Driscoll*, for the appellees (named defendant et al.).

*Alexander J. Florek*, for the appellee (defendant Melinda Fonda).

*Opinion*

CLARK, J. The plaintiff, Laurence V. Parnoff, appeals from the judgment of the trial court rendered following the granting of motions to strike filed by the defendants, the town of Stratford (town), Melinda Fonda, Berchem Moses PC (Berchem Moses), and Laura Hoydick. On appeal, the plaintiff argues that (1) his claims under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., and his negligent infliction of emotional distress claims, all stemming from a public records request he made pursuant to the Freedom of Information Act (act), General Statutes § 1-200 et seq., were improperly stricken because he pleaded allegations sufficient to support those claims, and (2) the court improperly granted the motions to strike with prejudice. We affirm the judgment of the trial court.

We begin by setting forth the facts, as alleged in the plaintiff's operative complaints,[1] and the procedural history of this case. On April 2, 2019, the plaintiff sent a records request to Fonda, the then tax assessor of the town, regarding the plaintiff's real property located at 3392 Huntington Road in Stratford. The plaintiff requested, inter alia, "the complete [assessor's] file from 2014 through the date hereof, including all correspondence, tax disclosure forms, inspection reports, assessments, notes and records of the board of assessment appeals, tax bills and payment records." Two days later, on April 4, 2019, Berchem Moses, counsel for the town, replied to the plaintiff's letter with a letter stating that it would review the plaintiff's request and the records requested to determine whether any common-law or statutory exemptions to the act's production requirement apply. Berchem Moses indicated in its letter that the town was committed to providing prompt access to all records subject to disclosure under the law. The plaintiff replied to that letter on April 11, 2019, seeking clarification as to which requests might be exempt.

On or about July 13, 2019, the plaintiff commenced this action by way of a two count complaint against the town, Fonda, Berchem Moses, and Hoydick, the town's mayor. The plaintiff alleged in count one that the defendants failed to comply with the act. In count two, the plaintiff alleged that the defendants were liable for violations of CUTPA and for negligent infliction of emotional distress stemming from their failure to comply with the act.

On July 29, 2019, Berchem Moses provided the plaintiff with the documents sought in the records request. Although the documents requested by the plaintiff were produced, the plaintiff did not withdraw the underlying action. Instead, on August 15, 2019, the plaintiff filed an amended complaint pursuant to Practice Book § 10-59, adding a few allegations but maintaining both

counts. Soon thereafter, the town, Hoydick, and Berchem Moses (collectively, town defendants) and Fonda separately filed motions to dismiss directed to count one of the amended complaint, arguing that the plaintiff failed to exhaust his administrative remedies.

On September 4, 2019, before the court ruled on the defendants' motions to dismiss, the plaintiff filed a second amended complaint, which set forth the same claims that were contained in his prior amended complaint. On September 12, 2019, the town defendants and Fonda filed motions to dismiss directed to the first count of the second amended complaint, again asserting that the plaintiff failed to exhaust his administrative remedies.

On October 28, 2019, the court dismissed the first count of the second amended complaint as to all the defendants, concluding that it lacked subject matter jurisdiction over that count because the plaintiff had failed to exhaust his administrative remedies by filing a complaint with the Freedom of Information Commission before filing suit. The plaintiff has not appealed from that dismissal.

On November 6 and 14, 2019, the town defendants and Fonda, respectively, filed motions to strike directed to the second count of the second amended complaint. Both motions asserted that the defendants were exempt from CUTPA under General Statutes § 42-110c (a) (1)[2] and that the plaintiff had failed to allege that the defendants were engaged in trade or commerce, as is required in order to state a claim under CUTPA. Fonda's motion also argued that the plaintiff failed to sufficiently plead facts supporting a claim of negligent infliction of emotional distress. The plaintiff objected to the town defendants' motion to strike on November 21, 2019, and to Fonda's motion to strike on December 2, 2019. On December 9, 2019, the trial court granted both motions to strike. The court concluded that Fonda's and Hoydick's activities were exempt from CUTPA under § 42-110c (a) (1) and that the defendants were not engaged in trade or commerce. The trial court did not articulate its basis for granting Fonda's motion to strike as to the plaintiff's negligent infliction of emotional distress claim, which was set forth in the same count as the CUTPA claim against her.

The plaintiff filed a substituted complaint on December 16, 2019 (first substituted complaint), which included five counts but left the first count blank as a result of the previously granted motions to dismiss. The second count alleged that Hoydick and Fonda were liable for negligent infliction of emotional distress. The third count alleged that Hoydick and Fonda violated CUTPA. The fourth count was directed at Berchem Moses and alleged that the firm was liable for negligent infliction of emotional distress. The fifth count alleged that Berchem Moses violated CUTPA.[3]

The town defendants[4] and Fonda filed separate motions to strike on December 23, 2019. The town defendants sought to strike all counts of the first substituted complaint, arguing that the allegations merely restated allegations from previously stricken counts without addressing the deficiencies therein. Fonda sought to strike counts two and three of the first substituted complaint with prejudice on the same basis and also because the plaintiff asserted new causes of action in violation of Practice Book §§ 10-44 and 10-60. The plaintiff objected to both motions to strike on January 6, 2020. The trial court, *Hon. Dale W. Radcliffe*, judge trial referee, granted the motions to strike on February 10, 2020, and further ruled that the motions were granted with prejudice as to all CUTPA claims.

The plaintiff filed a second substituted complaint on February 20, 2020, expressly stating that the first, third, and fifth counts were not repleaded. On the basis of substantially the same factual allegations made in his previously filed complaints, he asserted negligent infliction of emotional distress claims against the town, Fonda, and Hoydick in the second count and against Berchem Moses in the fourth count.

The town defendants filed a motion to strike the second and fourth counts of the second substituted complaint on February 27, 2020. Fonda filed a motion to strike the entirety of the complaint on March 2, 2020. The town defendants argued that the challenged counts failed to state a cognizable cause of action and that the counts reasserted both the records request claims, which the court had dismissed, and the CUTPA claims, which the court had stricken with prejudice. Fonda argued that the second substituted complaint should be stricken in its entirety because the plaintiff had failed to address the pleading deficiencies that caused the trial court to strike the plaintiff's negligent infliction of emotional distress claims in the first substituted complaint and, as a result, failed to allege facts sufficient to support a claim of negligent infliction of emotional distress. The plaintiff objected to both motions on April 24, 2020.

On November 30, 2020, the trial court, *Hon. Dale W. Radcliffe*, judge trial referee, granted both motions to strike with prejudice in written orders citing the transcript of the hearing on the motions. In that transcript, the court characterized the conduct alleged as the act of responding to a public records request with the assistance of counsel. The court cited our decision in *Stancuna* v. *Schaffer*, 122 Conn. App. 484, 998 A.2d 1221 (2010), for the proposition that litigation alone is not enough to support a claim of negligent infliction of emotional distress and extended that reasoning to the public records request alleged in the plaintiff's second substituted complaint. The court concluded that the complaint failed to state a claim for negligent infliction

of emotional distress because actors engaged in the conduct alleged could not reasonably "have foreseen that [their] behavior would likely cause a harm of a specific nature, emotional distress, and that that emotional distress would likely result in bodily harm."

On December 17, 2020, the court rendered judgment for the defendants pursuant to Practice Book § 10-44. This appeal followed.[5] Additional facts will be set forth as necessary.

We begin by setting forth our standard of review. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court, our review of the court's ruling . . . is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Geysen* v. *Securitas Security Services USA, Inc.*, 322 Conn. 385, 398, 142 A.3d 227 (2016).

I

The plaintiff argues on appeal that he sufficiently alleged CUTPA claims against all of the defendants in the first substituted complaint[6] because he alleged that the town made unnecessary payments to Berchem Moses for legal services in connection with the town's response to the plaintiff's records request. We disagree.

A

With respect to Fonda and Hoydick, the plaintiff claims that the trial court erred in striking the CUTPA claims against them because (1) they acted "in [abuse] of power and outside their authority" by consulting Berchem Moses, which rendered the CUTPA exemption in § 42-110c (a) (1) inapplicable, and (2) they were engaged in trade or commerce. We find both contentions meritless.

Section 42-110c (a) provides in relevant part: "Nothing in this chapter shall apply to: (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States . . . ." In addition, "[t]o successfully state a claim for a CUTPA violation, the [plaintiff] must allege that the defendant's acts occurred in the conduct of trade or commerce."

*Cenatiempo* v. *Bank of America, N.A.*, 333 Conn. 769, 789, 219 A.3d 767 (2019). " 'Trade' and 'commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes § 42-110a (4).

The plaintiff alleged that Fonda and Hoydick violated CUTPA by referring the plaintiff's records request to Berchem Moses. The trial court struck these counts for failure to state a claim on the ground that Fonda and Hoydick were exempt from CUTPA pursuant to § 42-110c (a) (1). Our Supreme Court addressed this exemption in *Connelly* v. *Housing Authority*, 213 Conn. 354, 567 A.2d 1212 (1990), and in *Danbury* v. *Dana Investment Corp.*, 249 Conn. 1, 730 A.2d 1128 (1999). In *Connelly*, the court held that a municipal housing authority was exempt from CUTPA under § 42-110c (a) (1) when it leased subsidized rental units to low income tenants. *Connelly* v. *Housing Authority*, supra, 365. The court reasoned that the housing authority was exempt because the agency was a creature of statute, was regulated by the United States Department of Housing and Urban Development, and was acting pursuant to state and federal statutes and regulations that "set forth in great detail the municipal landlord's responsibilities and provide[d] carefully balanced procedural and substantive remedies for public housing tenants in a variety of situations." Id., 360–63. Then, in *Dana Investment Corp.*, the court held that the city of Danbury's real estate tax collection practices were exempt from CUTPA under § 42-110c (a) (1) because the city's real estate assessment process, the assessment challenging process, and the tax collection process were all pervasively regulated by state statutes. *Danbury* v. *Dana Investment Corp.*, supra, 18–20.

We subsequently applied this exemption in *Neighborhood Builders, Inc.* v. *Madison*, 142 Conn. App. 326, 331–32, 64 A.3d 800, cert. denied, 309 Conn. 905, 68 A.3d 660 (2013), concluding that the town of Madison's practice of setting and collecting building permit fees was exempt from CUTPA under § 42-110c (a) (1). We found that case indistinguishable from *Connelly* and *Dana Investment Corp.* because Madison's building official was statutorily appointed and because "the entire system of issuing building permits and collecting fees followed by [Madison was] authorized and regulated by state statute and regulation." Id., 331.

Here, Fonda and Hoydick were acting as representatives of the town at all relevant times, and Fonda's role as tax assessor is governed by statute; see General Statutes §§ 7-100k and 7-105; as is Hoydick's role as mayor. See General Statutes § 7-193 (a) (2). In responding to a public records request, Fonda and Hoy-

dick were acting pursuant to the act. See General Statutes §§ 1-210 (a) and 1-212 (a). Like the defendants in *Neighborhood Builders, Inc.*, their conduct was "authorized and regulated by state statute and regulation." *Neighborhood Builders, Inc.* v. *Madison*, supra, 142 Conn. App. 331; see General Statutes § 1-200 et seq.

Although the plaintiff takes issue with Fonda and Hoydick's decision to involve Berchem Moses, municipalities carrying out their statutory obligations may, and often do, utilize the services of legal counsel. Doing so does not convert the authorized and regulated activity—here, responding to a public records request—into an activity outside the scope of the CUTPA exemption set forth in § 42-110c (a) (1). Thus, we conclude that the trial court properly struck the CUTPA claims against Hoydick and Fonda because the alleged conduct that serves as the basis of the plaintiff's CUTPA claim against them clearly falls within the scope of the exemption set forth in § 42-110c (a) (1).

Moreover, as the trial court correctly noted, even if Fonda and Hoydick were not exempt from CUTPA pursuant to § 42-110c (a) (1), they were not engaged in "trade or commerce" as defined in § 42-110a (4). A municipality's obligation to fulfill a public records request pursuant to Connecticut law clearly does not constitute "trade or commerce." On the contrary, that activity serves a purely governmental function. We therefore agree with the trial court's conclusion that Hoydick and Fonda did not engage in "trade or commerce" within the meaning of CUTPA.

B

With respect to Berchem Moses, the plaintiff claims that the trial court erred when it struck the CUTPA claims against the law firm because he alleged that it had engaged in trade or commerce. In granting the motion to strike with prejudice, the trial court stated that the claims against Berchem Moses "[did] not involve the commercial or entrepreneurial aspect [of the practice of law] under *Haynes* v. *Yale-New Haven Hospital*, [243 Conn. 17, 699 A.2d 964 (1997)]." We agree with the trial court.

Our Supreme Court "has stated that, in general, CUTPA applies to the conduct of attorneys. . . . The statute's regulation of the conduct of any trade or commerce does not totally exclude all conduct of the profession of law. . . . Nevertheless, [the court has] declined to hold that every provision of CUTPA permits regulation of every aspect of the practice of law . . . . [The court has] stated, instead, that, only the entrepreneurial aspects of the practice of law are covered by CUTPA." (Citations omitted; internal quotation marks omitted.) *Suffield Development Associates Ltd. Partnership* v. *National Loan Investors, L.P.*, 260 Conn. 766, 781, 802 A.2d 44 (2002). "[A]lthough all lawyers are subject to

CUTPA, most of the practice of law is not. The 'entrepreneurial' exception is just that, a specific exception from CUTPA immunity for a well-defined set of activities—advertising and bill collection, for example." Id., 782. "[T]he most significant question in considering a CUTPA claim against an attorney is whether the allegedly improper conduct is part of the attorney's professional representation of a client or is part of the entrepreneurial aspect of practicing law." Id., 781.

The plaintiff argues that his claims against Berchem Moses were based on allegations arising from conduct that was commercial or entrepreneurial in nature. That argument is belied by a simple review of the first substituted complaint. The complaint alleged that Hoydick and/or Fonda "retained" Berchem Moses to assist the town in complying with his records request and that Berchem Moses provided unnecessary legal services to the town. Those allegations were directed at the manner in which Berchem Moses provided legal representation to the town, not the commercial or entrepreneurial aspects of practicing law. See *Haynes* v. *Yale-New Haven Hospital*, supra, 243 Conn. 35 ("[t]he noncommercial aspects of lawyering—that is, the representation of the client in a legal capacity—should be excluded [from CUTPA] for public policy reasons" (internal quotation marks omitted)). As a result, the trial court properly struck the CUTPA claim against Berchem Moses.

II

The plaintiff next argues that he sufficiently pleaded claims of negligent infliction of emotional distress against the defendants in the second substituted complaint. Specifically, he claims that the trial court's November 30, 2020 ruling incorrectly concluded that the emotional distress he alleged was not a reasonably foreseeable consequence of the defendants' alleged conduct. We disagree.[7]

"[I]n order to prevail on a claim of negligent infliction of emotional distress, the plaintiff must prove that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks omitted.) *Larobina* v. *McDonald*, 274 Conn. 394, 410, 876 A.2d 522 (2005); see also *Carrol* v. *Allstate Ins. Co.*, 262 Conn. 433, 444, 815 A.2d 119 (2003) (defendant contended there was insufficient evidence to prove elements of negligent infliction of emotional distress claim, namely, "(1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress").

In the present case, the plaintiff alleges that Berchem Moses provided an insufficient response to the plaintiff's records request on the town's behalf and that Fonda and Hoydick wrongfully incurred legal expenses at the expense of the town's taxpayers, including him. Even taking the allegations in the complaint as true, as we must on a motion to strike; *Geysen* v. *Securitas Security Services USA, Inc.*, supra, 322 Conn. 398; it was not reasonably foreseeable that the plaintiff would suffer severe emotional distress as a result of this conduct.

In striking these counts, the trial court noted that this court has previously held that negligent infliction of emotional distress claims based on allegations of misconduct during the course of litigation are insufficient because the misconduct did not create a reasonably foreseeable risk that a plaintiff would suffer severe emotional distress. See *Stancuna* v. *Schaffer*, supra, 122 Conn. App. 490–91 (allegations that defendant intentionally forced mistrial in prior litigation were insufficient to state claim for negligent infliction of emotional distress); *Wilson* v. *Jefferson*, 98 Conn. App. 147, 162–63, 908 A.2d 13 (2006) (allegations that defendant previously had brought meritless summary process actions were insufficient to state claim for negligent infliction of emotional distress). The court extended the reasoning of those decisions to the allegedly unsatisfactory public records request in the present case and concluded that such conduct did not create a reasonably foreseeable risk of severe emotional distress.

We agree with the trial court that the plaintiff failed to allege facts that, if true, would create a reasonably foreseeable risk of severe emotional distress and, therefore, conclude that the court properly struck the plaintiff's claims for negligent infliction of emotional distress.

### III

The plaintiff's last contention on appeal is that the trial court violated his right to due process by granting the motions to strike with prejudice instead of requiring the defendants to move for summary judgment.

The defendants argue that the plaintiff failed to adequately brief this claim on appeal because he failed to cite any authority in support of his due process argument. The plaintiff's argument on this point is less than one page long with no citations or meaningful analysis. We agree with the defendants that this claim is inadequately briefed and, thus, deem it to be abandoned. *Bongiorno* v. *J & G Realty, LLC*, 211 Conn. App. 311, 323, 272 A.3d 700 (2022) ("[when] an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived" (internal quotation marks omitted)); see also *MacDermid, Inc.* v. *Leonetti*, 328 Conn. 726, 748, 183 A.3d 611 (2018)

("[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief" (internal quotation marks omitted)).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] As set forth more fully herein, the operative complaints for purposes of this appeal are the first substituted complaint filed December 16, 2019, and the second substituted complaint dated February 20, 2020.

[2] General Statutes § 42-110c (a) provides in relevant part: "Nothing in this chapter shall apply to: (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States . . . ."

[3] We note that, although the three prior complaints asserted that all the defendants violated CUTPA, the first substituted complaint filed on December 16, 2019, did not assert any claims against the town. Because the plaintiff did not assert a CUTPA claim against the town in the first substituted complaint—the complaint relevant to all CUTPA claims on which a final judgment was rendered—we consider the CUTPA claims asserted against the town in the earlier complaints to have been abandoned. See *Lund* v. *Milford Hospital, Inc.*, 326 Conn. 846, 850, 168 A.3d 479 (2017) ("When an amended pleading is filed, it operates as a waiver of the original pleading. The original pleading drops out of the case and although it remains in the file, it cannot serve as the basis for any future judgment, and previous rulings on the original pleading cannot be made the subject of appeal." (Internal quotation marks omitted.)).

[4] Although the town joined in the motion to strike that Berchem Moses and Hoydick filed, it did not need to do so because no claims were asserted against it in the first substituted complaint. See footnote 3 of this opinion.

[5] We note that the plaintiff, without giving this court prior written notice, did not appear at oral argument. Pursuant to Practice Book § 70-3 (b), we base our decision on the briefs, the record, and the oral arguments of the defendants.

[6] The plaintiff includes the town in this argument, but the record is clear that the plaintiff did not assert a CUTPA claim against the town in the first substituted complaint. See footnote 3 of this opinion.

[7] The plaintiff also argues that the court should not have struck the second substituted complaint in its entirety because the remaining counts also contained "allegations of financial damage and irreparable harm" and because "the allegation of negligent infliction of emotional distress . . . was but one of the elements of damages claimed therein . . . ." (Citations omitted.) That claim has no merit and we decline to address it.