******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TREMONT PUBLIC ADVISORS, LLC *v.*
MATERIALS INNOVATION AND
RECYCLING AUTHORITY
ET AL.
(AC 45078)

Cradle, Seeley and DiPentima, Js.

*Syllabus*

The plaintiff public affairs firm sought to recover damages from the defend-
ant quasi-public agency for violations of the Connecticut Unfair Trade
Practices Act (CUTPA) (§ 42-110a et seq.). The defendant, an entity
responsible for providing waste and recycling services to various munici-
palities pursuant to statute (§ 22a-257), requested proposals for the provi-
sion of municipal government liaison services. The plaintiff submitted
a proposal that complied with the request, but the defendant awarded
the liaison services contract to a law firm, whose proposal was non-
compliant. The plaintiff alleged, inter alia, that the award of the contract
to the law firm without a legitimate public bidding process violated
CUTPA. The defendant filed a motion to strike the plaintiff's complaint,
arguing that it was exempt from CUTPA pursuant to the provision
(§ 42-110c (a) (1)) that exempts from liability "[t]ransactions or actions
otherwise permitted under law as administered by any regulatory board
or officer acting under statutory authority of the state or of the United
States . . . ." The trial court granted the defendant's motion to strike
and rendered judgment in favor of the defendant. On the plaintiff's
appeal to this court, *held* that the trial court did not err in granting the
motion to strike; the bidding process the defendant engaged in before
entering into the contract was expressly authorized and regulated by
statute and its conduct throughout that process was subject to pervasive
state regulation, which exempts the defendant from CUTPA liability
pursuant to the governmental exemption, § 42-110c (a) (1).

Argued September 15—officially released November 29, 2022

*Procedural History*

Action to recover damages for violations of the Con-
necticut Unfair Trade Practices Act, and for other relief,
brought to the Superior Court in the judicial district of
Hartford, where the action was withdrawn as against
the defendant Thomas Kirk; thereafter, the court, *Cobb,
J.*, granted the named defendant's motion to strike;
subsequently, the court, *M. Taylor, J.*, granted the
named defendant's motion for judgment and rendered
judgment for the named defendant, from which the
plaintiff appealed to this court. *Affirmed.*

*Michael C. Harrington*, for the appellant (plaintiff).

*Alexander W. Ahrens*, for the appellee (named
defendant).

*Opinion*

CRADLE, J. The plaintiff, Tremont Public Advisors, LLC, appeals from the judgment of the trial court, rendered following the court's decision striking the plaintiff's complaint. The plaintiff claims that the court erred in concluding that the defendant, Materials Innovation and Recycling Authority (MIRA), formerly known as Connecticut Resources Recovery Authority,[1] is exempt from liability under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., for engaging in allegedly illegitimate bidding practices. We affirm the judgment of the trial court.[2]

The following undisputed facts and procedural history are relevant to this appeal. The defendant is a quasi-public agency responsible for providing solid waste disposal and recycling services to numerous municipalities in this state pursuant to the Connecticut Solid Waste Management Services Act, General Statutes § 22a-257 et seq.[3] In 2011, the defendant issued a request for proposals for the provision of municipal government liaison services (liaison services). The plaintiff is a public affairs firm that submitted a proposal that complied with the request for proposals, but the defendant awarded the liaison services contract to the law firm of Brown Rudnick, LLP (Brown Rudnick), whose proposal was noncompliant.

Thereafter, the plaintiff brought this action against the defendant, alleging that the defendant had evaluated the bids to provide liaison services in a biased manner so as to ensure that Brown Rudnick was selected, that the public bidding process for the liaison services contract was a sham, and that the award of the contract to Brown Rudnick without a legitimate public bidding process violated General Statutes § 22a-268 and the defendant's own procurement policies.[4] The plaintiff claimed that this conduct violated CUTPA.[5]

The defendant moved to strike the plaintiff's complaint, arguing, inter alia, that the defendant is exempt from liability under CUTPA based on General Statutes § 42-110c (a), which provides in relevant part: "Nothing in this chapter shall apply to: (1) Transactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States . . . ." The plaintiff argued that the exemption did not apply to the conduct of the defendant in this case. The trial court agreed with the defendant, concluding that "the [defendant] is a statutorily created quasi-governmental entity whose actions and transactions are permitted by law, administered by a regulatory board, and is empowered to enter into contracts like the one at issue here, as well as do all things necessary for the performance of its duties." Accordingly, the court granted the motion to strike and thereafter rendered judgment in favor of

the defendant. This appeal followed.

"The standard of review in an appeal challenging a trial court's granting of a motion to strike is well established. A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. As a result, our review of the court's ruling is plenary. . . . We take the facts to be those alleged in the complaint that has been stricken and we construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) *Sullivan* v. *Lake Compounce Theme Park*, *Inc.*, 277 Conn. 113, 117–18, 889 A.2d 810 (2006). Likewise, the determination of whether a party is exempt from CUTPA liability also presents a question of law of which our review is plenary. *Connelly* v. *Housing Authority*, 213 Conn. 354, 364–65, 567 A.2d 1212 (1990).

CUTPA provides, inter alia, that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b (a). As noted, however, § 42-110c (a), which is also referred to as the "governmental exemption," expressly exempts from liability "[t]ransactions or actions otherwise permitted under law as administered by any regulatory board or officer acting under statutory authority of the state or of the United States . . . ." Pursuant to § 42-110c (b), a party claiming an exemption under § 42-110c (a) has the burden of proving its entitlement to such exemption.

The plaintiff claims that the trial court erred in granting the defendant's motion to strike on the ground that the defendant is exempt from liability under § 42-110c (a). We disagree. As the trial court aptly noted, our Supreme Court has previously construed the language of the exemption. In *Connelly*, the court held that the governmental exemption applied to allegations that the municipal housing authority had violated CUTPA by failing to provide adequate heat and hot water to its tenants because the transactions at issue, namely, the renting of subsidized apartments to low income tenants, were "expressly authorized and pervasively regulated by both the state department of housing and the [United States Department of Housing and Urban Development]." *Connelly* v. *Housing Authority*, supra, 213 Conn. 361.

Similarly, in *Danbury* v. *Dana Investment Corp.*, 249 Conn. 1, 18–20, 730 A.2d 1128 (1999), our Supreme Court held that the governmental exemption provided by § 42-110c (a) (1) applied to allegations that the city of Danbury had violated CUTPA by overassessing real properties and incurring needless expenses by filing several tax foreclosure actions, rather than just one action. The court held that the exemption applied because the

process of real estate assessment by a municipality is authorized and regulated by statute. Id., 20; see also *Neighborhood Builders, Inc.* v. *Madison*, 142 Conn. App. 326, 331, 64 A.3d 800 (municipality's act of allegedly overcharging for building permit fees is exempt from CUTPA liability because entire system of issuing building permits and collecting fees is authorized and regulated by state statute and regulation), cert. denied, 309 Conn. 905, 68 A.3d 660 (2013).

Here, the crux of the plaintiff's complaint against the defendant arises from the bidding process employed by the defendant to allegedly bypass the plaintiff and ensure that the contract at issue was awarded to Brown Rudnick. Although the plaintiff complains that the process employed by the defendant was improper, the bidding process the defendant engaged in before entering into a contract was expressly authorized and regulated by statute, which exempts the defendant from CUTPA liability pursuant to the governmental exemption. As noted by the trial court, the defendant was created by the legislature as the successor authority to the Connecticut Resources Recovery Authority by the enactment of General Statutes § 22a-260a. An examination of the comprehensive statutory scheme governing the operations of the defendant reveals that the authority of the defendant and the limits to that authority are extensively detailed by statute. General Statutes § 22a-265 (3) authorizes the defendant to, inter alia, "[m]ake and enter into any contract or agreement necessary or incidental to the performance of its duties and execution of its powers . . . ." In so doing, General Statutes § 22a-268 expressly requires the defendant to engage in competitive negotiation or competitive bidding when entering into business contracts, and General Statutes § 22a-268a requires the defendant to adopt written procedures pertaining to the bidding process. General Statutes § 22a-263 regulates the activity by requiring the defendant to maintain all necessary records and data with respect to its operations and to report quarterly to the governor and annually to the General Assembly. Those reports must include, inter alia, a listing of all contracts entered into by the defendant, and the defendant "shall be subject to audit by the state Auditors of Public Accounts in accordance with normal audit practices prescribed for departments, boards, commissions and other agencies of the state." General Statutes § 22a-263. General Statutes § 22a-263a provides that the defendant must make available to the public, inter alia: "(7) A report on any contract between the authority and a person, other than a director, officer or employee of the authority, for the purpose of influencing any legislative or administrative action on behalf of the authority or providing legal advice to the authority. The report shall indicate for each such contract (A) the names of the parties to the contract, (B) the cost of the contract, (C) the term of the contract, (D) a summary

of the services to be provided under the contract, (E) the method used by the authority to award the contract, and (F) a summary of the authority's need for the services provided under the contract. Such report shall be made available through the Internet not later than fifteen days after the contract is entered into between the authority and the person.'' Finally, General Statutes § 22a-264 requires the defendant to create an annual plan of operations, which is reviewed by the Commissioner of Energy and Environmental Protection for consistency with the statewide solid waste management plan.

The statutes cited herein demonstrate that the defendant was expressly authorized, and, in fact, required, to engage in a bidding process before entering into the contract for services that ultimately was awarded to Brown Rudnick. In addition, the defendant's conduct throughout that process is subject to pervasive state regulation, which is overseen by the General Assembly, the Commissioner of Energy and Environmental Protection, and account auditors. Accordingly, we conclude that the trial court properly determined that the conduct of the defendant, as alleged in the plaintiff's complaint, fell within the CUTPA exemption embodied in § 42-110c (a).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Thomas Kirk, the president of MIRA, also was named as a defendant in this action. The plaintiff withdrew its claims against him on January 26, 2021, and all references herein to the defendant are to MIRA.

[2] Because we conclude that the court properly determined that the defendant is exempt from liability under CUTPA in this case, we need not address the defendant's alternative grounds to affirm the judgment of the trial court.

[3] Although the act has been amended by the legislature since the events underlying this appeal; see, e.g., Public Acts 2014, No. 14-94, § 7; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the act.

[4] The plaintiff further alleged that the defendant awarded the liaison services contract to Brown Rudnick because Brown Rudnick improperly carried out lobbying activities on behalf of the defendant.

[5] In 2013, the plaintiff brought an antitrust action against the defendant, which was then known as Connecticut Resources Recovery Authority. The factual allegations underlying that cause of action and the present case, as gleaned from a comparison of the plaintiff's complaints in both actions, are essentially identical. That case was ultimately dismissed by our Supreme Court for lack of standing. *Tremont Public Advisors*, *LLC* v. *Connecticut Resources Recovery Authority*, 333 Conn. 672, 217 A.3d 953 (2019).